Gregg A. Paradise
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908.654.5000
Fax:   908.654.7866

*Attorneys for Defendant World Media Group, LLC*

**Document Filed Electronically**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC, | : **Document Filed Electronically** |
| | : |
| | : Civil Action No. 3:20-cv-19178 |
| Plaintiffs, | : |
| v. | : Michael A. Shipp, U.S.D.J. |
| | : Lois H. Goodman, U.S.M.J. |
| WORLD MEDIA GROUP, LLC, | : |
| | : |
| Defendant. | x |

## ANSWER AND COUNTERCLAIM

Defendant World Media Group, LLC ("World Media") hereby answers and counterclaims in response to the complaint of plaintiffs Edible IP, LLC and Edible Arrangements, LLC ("Edible"), as follows:

### NATURE OF THE ACTION

1. Admitted that this is a civil action against World Media for federal domain name piracy; federal and state trademark and service mark infringement; federal unfair competition,

false designation of origin, and palming off; Georgia common law unfair competition; Georgia statutory deceptive trade practices; and cancellation of a federal service mark registration for abandonment.

2. Denied.

3. Admitted that the complaint is brought pursuant to the trademark laws of the United States, Title 15, United States Code, as well as pursuant to the unfair competition and deceptive trade practices laws of the state of Georgia, and that the complaint asserts claims for: federal domain name piracy; federal trademark and service mark infringement; federal unfair competition, false designation of origin, and palming off; Georgia common law trademark and service mark infringement; Georgia common law unfair competition; violation of Georgia's Uniform Deceptive Trade Practices Act; and cancellation of Defendant's federal service mark registration for EDIBLE: PERSONAL GIFTS FOR PEOPLE IN YOUR LIFE, U.S. Registration No. 4857834, and otherwise denied.

4. Admitted that in bringing this lawsuit, Edible seeks: a judgment of forfeiture and transfer of Defendant's offending domain name <www.edibles.com> (the "Domain Name" or "Disputed Domain") to Edible; recompense for damages measured by an accounting of Defendant's profits; three times any actual damages that Edible has sustained; or, at Edible's election to be made before trial, statutory damages in lieu of actual damages on the cyberpiracy claim; cancellation of Defendant's federal service mark Registration No. 4857834; a permanent injunction; punitive damages; attorney's fees; and costs, and otherwise denied.

## THE PARTIES

5. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint, and therefore denies same.

6. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint, and therefore denies same.

7. Admitted, however World Media notes that the correct suite number is 206.

## JURISDICTION AND VENUE

8. Admitted that the United States District Court for the District of New Jersey has original jurisdiction over Edible's claims.

9. Admitted that the United States District Court for the District of New Jersey has supplemental subject matter over the claims for trademark infringement, unfair competition, and deceptive trade practices that arise under the state of Georgia's statutory and common law.

10. Denied; however, World Media admits that the United States District Court for the District of New Jersey has personal jurisdiction over Edible IP, LLC and Edible Arrangements, LLC.

11. Denied; however, World Media admits that it is subject to general and specific personal jurisdiction in the United States District Court for the District of New Jersey.

12. Denied.

13. Denied as to venue in the state of Georgia; however, World Media admits that venue is proper in the United States District Court for the District of New Jersey.

## FACTUAL BACKGROUND

### Edible and Its Businesses

14. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint, and therefore denies same.

15. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint, and therefore denies same.

16. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint, and therefore denies same.

17. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint, and therefore denies same.

18. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint, and therefore denies same.

19. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the complaint, and therefore denies same.

20. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint, and therefore denies same.

21. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint, and therefore denies same.

22. Denied.

23. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint, and therefore denies same.

24. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the complaint, and therefore denies same.

25. Denied.

## **Edible's Intellectual Property Rights**

26. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the complaint, and therefore denies same.

27. Denied.

28. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the complaint, and therefore denies same.

29. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint, and therefore denies same.

30. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the complaint, and therefore denies same.

31. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint, and therefore denies same.

32. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint, and therefore denies same.

33. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the complaint, and therefore denies same.

34. World Media asserts that these allegations are not factual in nature, and thus no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 34.

35. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the complaint, and therefore denies same.

36. Denied.

37. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the complaint, and therefore denies same.

38. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the complaint, and therefore denies same.

39. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the complaint, and therefore denies same.

40. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the complaint, and therefore denies same.

41. Denied.

42. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the complaint, and therefore denies same.

43. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the complaint, and therefore denies same.

44. Denied.

45. Denied.

**Defendant World Media and Its Registration and**

**Renewals of The Disputed Domain <www.edibles.com>**

46. Admitted.

47. World Media admits the allegations of paragraph 47 to the extent that the quoted language accurately reflects its website located at <www.worldmediagroupllc.com>.

48. World Media admits that it owns and has owned a large portfolio of domain names, admits that World Media has sold certain domain names, and otherwise denies the allegations of paragraph 48.

49. Admitted.

50. World Media admits the allegation of paragraph 50, however World Media is without knowledge as to whether the time period is usually for one year, and thus denies this portion of paragraph 50.

51. Admitted.

52. Admitted.

53. Admitted.

54. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the complaint, and therefore denies same.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. World Media admits that at times during the history of its ownership of the Domain Name that began in 1996, the Domain Name had pay-per-click advertisements placed on it.

61. Denied.

62. The allegations of paragraph 62 cannot be answered because no time period is indicated. World Media therefore denies these allegations.

63. The allegations of paragraph 63 cannot be answered because no time period is indicated. World Media therefore denies these allegations.

64. The allegations of paragraph 64 cannot be answered because no time period is indicated. World Media therefore denies these allegations.

65. The allegations of paragraph 65 cannot be answered because no time period is indicated. World Media therefore denies these allegations.

66. Denied.

67. Denied.

68. World Media admits the allegations of paragraph 68 to the extent that from 2014 until sometime in 2018 the Disputed Domain contained content regarding "Gifts for Moms", Gifts for Dads", "Friend Gifts", and the like, and otherwise denies the allegations of paragraph 68.

69. Admitted.

70. Admitted.

71. Admitted.

72. World Media admits that the general description of its webpage is accurate, but denies the remaining allegations including the characterizations of what appears on its webpage. World Media further notes that no reproduction of its webpage is included in the Complaint despite this claim.

73. World Media admits that the general description of its webpage is accurate, but denies the remaining allegations including the characterizations of what appears on its webpage.

74. Denied.

75. Admitted.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. World Media admits the allegations of paragraph 82 to the extent that it renewed the Disputed Domain in January 2020, and denies the remaining allegations of paragraph 82.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Admitted.

91. Admitted.

92. Admitted.

93. World Media admits that the quoted language is accurate, and otherwise denies the allegations of paragraph 93.

94. World Media admits that on February 10, 2015, the USPTO issued an Office Action refusing registration under the reasoning therein, and otherwise denies allegations of paragraph 94.

95. Admitted.

96. Denied.

97. Denied.

98. Admitted.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

### COUNT ONE

### Federal Cyberpiracy

103. World Media incorporates its Answers to the preceding paragraphs 1 to 102.

104. World Media admits that this claim is brought under the ACPA, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(d) for the Disputed Domain. World Media denies the remaining allegations of paragraph 104 of the complaint.

105. Admitted.

106. Denied.

107. Denied.

108. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the complaint, and therefore denies same.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

## COUNT TWO

### Infringement of the Federally Registered Asserted EDIBLE Trademarks and Service Marks

131. World Media incorporates its Answers to the preceding paragraphs 1 to 102.

132. World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the complaint, and therefore denies same.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

## COUNT THREE

### Federal Unfair Competition and

### False Designation of Origin or Sponsorship

145. World Media incorporates its Answers to the preceding paragraphs 1 to 102.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

## COUNT FOUR

### Georgia Common Law Trademark and Service Mark Infringement

159. World Media incorporates its Answers to the preceding paragraphs 1 to 102.

160. World Media admits that the United States District Court for the District of New Jersey has jurisdiction.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

## COUNT FIVE

### Georgia Common Law Unfair Competition

165. World Media incorporates is Answers to the preceding paragraphs 1 to 102.

166. World Media admits that the United States District Court for the District of New Jersey has jurisdiction.

167. Denied.

## COUNT SIX

### Georgia Uniform Deceptive Trade Practices Act

168. World Media incorporates is Answers to the preceding paragraphs 1 to 102.

169. World Media admits that the United States District Court for the District of New Jersey has jurisdiction.

170. World Media asserts that these allegations are not factual in nature, and thus no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 170.

171. Denied.

172. Denied.

173. Denied.

World Media notes that Plaintiffs' Complaint does not include any paragraphs numbered 174 through 178.

## COUNT SEVEN

### Cancellation of Federal Trademark Registration No. 4857834

179. World Media incorporates is Answers to the preceding paragraphs 1 to 102.

180. Admitted.

181. Admitted.

182. World Media asserts that these allegations are not factual in nature, and thus no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 182.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

## PRAYER FOR RELIEF

World Media denies that Edible is entitled to any judgment or relief against World Media, and, therefore, specifically denies paragraphs A-K of Edible's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the doctrine of fair use.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the doctrines of laches and estoppel.

## COUNTERCLAIM

As for its counterclaim, defendant/counterclaim plaintiff World Media Group LLC alleges as follows:

1. Defendant/counterclaim plaintiff World Media is a New Jersey limited liability company with its sole place of business in the State of New Jersey, located at 25 Mountainview Boulevard, Suite 206, Basking Ridge, New Jersey 07920.

2. Mail.com, Inc., a commonly controlled predecessor in interest to World Media, acquired the edibles.com domain name in 1996. World Media and its commonly owned predecessor in interest have maintained this Domain Name ever since such time.

3. World Media, and its commonly controlled predecessor in interest, have been using the EDIBLES mark throughout the United States since at least as early as 2008.

4. World Media is the owner of two websites that have been identified by Plaintiffs in this legal action: www.edibles.com and worldmediagroupllc.com.

5. Upon information and belief, plaintiffs/counterclaim defendants Edible IP, LLC and Edible Arrangements, LLC ("Edible") are incorporated as follows:

   a. Plaintiff Edible IP, LLC is a Connecticut limited liability company. Edible IP's principal place of business is in Fulton County, Georgia at 980 Hammond Drive, Atlanta, GA 30328. Edible IP owns all of the trademarks, service marks, trade names, common law intellectual property, and other goodwill associated with the brand "EDIBLE."

   b. Plaintiff Edible Arrangements, LLC is a Delaware limited liability company with a principal place of business at 980 Hammond Drive, Atlanta, Georgia 30328.

6. This counterclaim arises under and is brought pursuant to the trademark laws of the United States, Title 15, United States Code. Jurisdiction of this matter is proper under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §1331 and 28 U.S.C. § 1338(a) and (b).

7. Venue for this counterclaim is proper under 28 U.S.C. § 1404 (b) in that counterclaim defendants have consented to suit in the United States District Court for the District of New Jersey.

## FIRST COUNTERCLAIM
### (Declaratory Judgment Of Noninfringement)

8. World Media incorporates by reference each allegation contained in paragraphs 1-7 above as if fully set forth herein.

9. Plaintiffs have threatened World Media with claims that World Media's continued registration and use of the edibles.com Domain Name, EDIBLES marks, and generic term "edibles" infringe rights allegedly possessed by Plaintiffs.

10. World Media has not infringed and does not infringe any of Edible's trademarks or other rights.

11. Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, World Media is entitled to a declaratory judgment that World Media does not infringe, and has not infringed, any trademarks or other rights of Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Edible's complaint should be dismissed with prejudice, all relief requested by Edible should be denied, and the Court should enter judgment in World Media's favor, including the following:

A. dismissal of Plaintiffs' complaint with prejudice;

B. a declaration that World Media is not infringing any trademark owned by Plaintiffs;

C. an award to World Media of its costs, reasonable attorney fees, and expenses pursuant to 35 U.S.C. § 285; and

D. an award to World Media of all further and additional relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), defendant World Media hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for World Media Group, LLC*

Dated: December 23, 2020          By:   s/ Gregg A. Paradise
                                        Gregg A. Paradise
                                        Tel:   908.654.5000
                                        E-mail: gparadise@lernerdavid.com
                                                litigation@lernerdavid.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, the case *Edible IP, LLC et al v. World Media Group, LLC*, Civil Action No. 1:20-cv-03259, was filed in the United States District Court for the Northern District of Georgia on August 5, 2020, and terminated on December 14, 2020, when the Georgia court transferred the case to this Court. Neither Defendant nor Defendant's attorney is aware of any

other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

|  |  |
|---|---|
|  | LERNER, DAVID, LITTENBERG,<br>  KRUMHOLZ & MENTLIK, LLP<br>*Attorneys for World Media Group, LLC* |
| Dated: December 23, 2020 | By:   s/ Gregg A. Paradise<br>      Gregg A. Paradise<br>      Tel:   908.654.5000<br>      E-mail: gparadise@lernerdavid.com<br>             litigation@lernerdavid.com |