Stephen J. Steinlight
TROUTMAN PEPPER HAMILTON
SANDERS LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 704-6000
Fax: (212) 704-6288

John M. Bowler (pro hac vice)
Lindsay Mitchell Henner (pro hac vice)
TROUTMAN PEPPER HAMILTON
  SANDERS LLP
600 Peachtree St. N.E., Suite 3000
Atlanta, GA 30308
Tel: (404) 885-3000
Fax: (404) 885-3900

*Attorneys for Plaintiffs-Counterclaim Defendants*
*Edible IP, LLC and Edible Arrangements, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Edible IP, LLC and Edible Arrangements, LLC, | |
| *Plaintiffs-Counter Defendants*, | Civil Action File No: 3:20-cv-19178-MAS-LHG |
| -v.- | Michael A. Shipp, U.S.D.J.<br>Lois H. Goodman, U.S.M.J. |
| World Media Group, LLC, | |
| *Defendant-Counter Plaintiff*. | |

**PLAINTIFFS' REPLY TO DEFENDANT'S AMENDED COUNTERCLAIMS (DOC. 35)**

Plaintiffs-Counter Defendants Edible IP, LLC and Edible Arrangements, LLC ("Edible"), submit their Reply to the Amended Counterclaims (Doc. 35) of Defendant-Counter Plaintiff World Media Group, LLC.

**AS TO COUNTERCLAIMS**

1. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, which has the effect of a denial.

1

2. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, which has the effect of a denial.

3. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, which has the effect of a denial.

4. Denied.

5. Edible admits that Defendant appears to be the owner of www.edibles.com and worldmediagroupllc.com. Edible lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 5, which has the effect of a denial.

6. Admitted, except deny that Edible collectively refers to themselves as "Edible IP".

7. Edible admits that the first "Edible Arrangements" store opened in 1999, through which it sold its unique cut fruit products. Edible further admits it first obtained a United States Trademark and Service Mark Registration for EDIBLE ARRANGEMENTS® (Reg. No. 2,356,362) for "Fresh fruits cut in to flower shapes and arranged in containers as floral designs" in Class 29 on the Principal Register on June 6, 2000 with a first use and first use in commerce date of October 1998. Accept as so admitted, the remaining allegations in paragraph 7 are denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Edible admits that Defendant-Counter Plaintiff purports to bring these counterclaims under the trademark laws of the United States, Title 15, United States Code and that jurisdiction is proper under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1331

and 28 U.S.C. § 1338(a) and (b). Edible denies that Defendant-Counter Plaintiff is entitled to the requested judgment or any relief.

14. Admitted for purposes of these counterclaims only.

## AS TO FIRST COUNTERCLAIM
(Alleging Declaratory Judgment Of Noninfringement)

15. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

16. Edible admits only that the instant lawsuit challenges the propriety of Defendant-Counter Plaintiff's continued registration and use of the edibles.com Domain Name, Defendant-Counter Plaintiff's use of the term EDIBLES, and Defendant-Counter Plaintiff's infringement of Edible's intellectual property rights. Edible denies any and all remaining allegations in paragraph 16.

17. Denied.

18. Denied.

## AS TO SECOND COUNTERCLAIM
(Alleging Tortious Interference with Prospective Economic Advantage)

19. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

20. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, which has the effect of a denial.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

### AS TO THIRD COUNTERCLAIM

**(Alleging Order Compelling the U.S. Patent and Trademark Office to Cancel U.S. Trademark Registrations for Genericness)**

28. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

### AS TO FOURTH COUNTERCLAIM

**(Alleging Order Compelling the U.S. Patent and Trademark Office to Cancel U.S. Trademark Applications for Genericness)**

35. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## AS TO DEFENDANT-COUNTER PLAINTIFF'S PRAYER FOR RELIEF

The final unnumbered "wherefore" clause of the Counterclaims immediately following paragraph 48 contains a prayer for relief to which no response is required. To the extent a response is required, Edible denies that Defendant is entitled to any relief, including, but not limited to, the relief requested in the wherefore clause paragraphs A through J.

## GENERAL DENIAL

Edible denies each and every allegation in the Counterclaims that was not specifically admitted above.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that otherwise rests with Defendant-Counter Plaintiff, Edible asserts the following defenses to the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Counterclaims fail because they are barred by the equitable doctrines of waiver, laches, estoppel, acquiescence, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Although the Lanham Act gives courts the authority to order the cancellation of trademark registrations, nothing in the Act gives courts to order the cancellation of trademark applications, and this Court has no jurisdiction or power to cancel the pending applications of Edible that Defendant-Counter Plaintiff has challenged, which have not matured into registration.

### FOURTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff cannot prove the challenged registrations of Edible are generic, because Defendant-Counter Plaintiff cannot establish that the marks are not associated by the relevant public with any particular source and that the purchasing or consuming public for the identified goods and services would understand the term "EDIBLE" or "EDIBLE ARRANGEMENTS" to be generic.

### FIFTH AFFIRMATIVE DEFENSE

None of the competitive activity of Edible on which Counterclaim Plaintiff basis its Counterclaims can be considered tortious or improper.

### SIXTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff cannot establish the existence of a reasonable expectation of economic advantage and hasn't identified any in the Counterclaims.

### SEVENTH AFFIRMATIVE DEFENSE

No contract or reasonable expectation of economic benefit to Plaintiff was in effect at the time of Edible's alleged improper conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Edible was unaware of and had no knowledge of any prospective economic expectancy between Counterclaim Plaintiff and any third party.

### NINTH AFFIRMATIVE DEFENSE

If any lost reasonable expectation of economic benefit to Counterclaim Plaintiff occurred, which Edible denies, it would have occurred regardless of Edible's conduct and there was lack of causation between Edible's actions and the alleged lost prospective gain or expectancy.

### TENTH AFFIRMATIVE DEFENSE

Edible did not intend for its conduct to interfere with any prospective economic advantage of Counterclaim Plaintiff and at all times Edible acted without malice.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged interference and other acts or omissions of Edible are not actionable since its conduct was legally justified and/or privileged.

### TWELFTH AFFIRMATIVE DEFENSE

Edible cannot have intentionally caused any third person not to enter into a prospective business relation with Defendant-Counter Plaintiff or otherwise interfered improperly with Defendant-Counter Plaintiff's reasonable business expectancies by lawfully enforcing its intellectual property rights against Defendant-Counter Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Edible cannot have tortiously interfered with any prospective business relation with Defendant-Counter Plaintiff by its acts and statements made in connection with the pursuit of litigation which are protected by the litigation privilege.

### FOURTEENTH AFFIRMATIVE DEFENSE

Edible did not employ improper, deceptive or other unjust means in the conduct that is alleged to have interfered.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff suffered no actual injury that is compensable at law or in equity.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff did not incur any damage or harm due to any purported acts or omissions of Edible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any damage or harm allegedly incurred by Counterclaim Plaintiff is attributable to causes or persons or entities other than any purported acts or omissions of Edible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The acts or omissions of Defendant-Counter Plaintiff in this action were the proximate cause and superseding, intervening, and/or independent cause of any alleged injury or damage sustained by Defendant-Counter Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

The damages that Defendant-Counter Plaintiff is seeking are completely speculative in nature.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff cannot recover damages that resulted from its failure to mitigate damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The conduct of Edible at all times was in good faith.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant-Counter Plaintiff is not entitled to an award of punitive damages because Edible has not engaged in an intentional tort or other actionable conduct.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant-Counter Plaintiff is not entitled to an award of punitive damages because Edible's conduct was justified and/or privileged.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Any award of punitive damages against Edible under the facts and circumstances of this case given the innocent conduct of Edible and the absence of actual harm incurred by Defendant-Counter Plaintiff would violate the due process clause of the U.S. Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant-Counter Plaintiff is not entitled to preliminary or permanent injunctive relief, because any injury to Counterclaim Plaintiff is not immediate and irreparable, Defendant-Counter Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant-Counter Plaintiff's claim for recovery of attorney's fees must fail because Defendant-Counter Plaintiff cannot establish a contractual, statutory, or other basis for a fee award against Edible so as to alter the American Rule that each party pays only its own attorney's fees, regardless of whether they win or lose.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant-Counter Plaintiff's claim for recovery of attorney's fees must fail because Defendant-Counter Plaintiff cannot establish that this is an exceptional case, or any unambiguous showing of extraordinary misconduct on the part of Edible, or any other egregious misconduct

that would warrant a determination that the issues in the case were exceptional , so as to warrant a fee award.

## RESERVATION OF DEFENSES

Edible IP, LLC and Edible Arrangements, LLC allege that they intend to rely upon such other defenses as may become available or apparent during the course of investigation, discovery, or trial, and Edible IP, LLC and Edible Arrangements, LLC reserve the right to amend their Reply to Defendant-Counter Plaintiff's Amended Counterclaims to assert such other defenses to which they may be entitled.

## DEMAND FOR JURY TRIAL

Edible IP, LLC and Edible Arrangements, LLC hereby demand a jury trial for all issues of the Counterclaims so triable.

WHEREFORE, Edible IP, LLC and Edible Arrangements, LLC demand judgment as follows on the Counterclaims:

    (a)    Dismissing the Defendant-Counter Plaintiff's Counterclaims in their entirety and with prejudice;

    (b)    Awarding costs and disbursements including reasonable attorney fees to Edible IP, LLC and Edible Arrangements, LLC; and

    (c)    For such other and further relief as this Court may deem just and proper.

> TROUTMAN PEPPER HAMILTON
> SANDERS LLP
>
> By: *s/ Stephen J. Steinlight*
> Stephen J. Steinlight
> 875 Third Avenue
> New York, NY 10022
> Tel: (212) 704-6000
> Fax: (212) 704-6288
> stephen.steinlight@troutman.com

        John M. Bowler (admitted pro hac vice)
        Lindsay Mitchell Henner (admitted pro hac vice)
        600 Peachtree Street, N.E., Suite 3000
        Atlanta, GA 30308
        Tel: (404) 885-3000
        Fax: (404) 885-3900
        john.bowler@troutman.com
        lindsay.henner@troutman.com
        *Attorneys for Edible IP, LLC and Edible Arrangements, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify on July 14, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

  Dated: July 14, 2021

                 */s/ Stephen J. Steinlight*

112556862