Gregg A. Paradise
Daniela Caro-Esposito
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
20 Commerce Dr.
Cranford, NJ 07016
Tel:     908.654.5000

*Attorneys for Defendant/Counterclaim-Plaintiff World Media Group, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>WORLD MEDIA GROUP, LLC,<br><br>　　　　　Defendant. | Civil Action No. 3:20-cv-19178<br><br>Michael A. Shipp, U.S.D.J.<br>Lois H. Goodman, U.S.M.J. |
| WORLD MEDIA GROUP, LLC,<br><br>　　　　　Counterclaim Plaintiff,<br>　　v.<br><br>EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC, EDIBLE BRANDS, LLC, EDIBLE ARRANGEMENTS INTERNATIONAL, INC. d/b/a EDIBLE ARRANGEMENTS INTERNATIONAL, LLC and NETSOLACE, INC.,<br><br>　　　　　Counterclaim Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
WORLD MEDIA GROUP, LLC'S MOTION FOR LEAVE TO
<u>FILE A SECOND AMENDED ANSWER AND COUNTERCLAIMS</u>**

7154300_1.docx

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................................... ii

I.  INTRODUCTION ...............................................................................................................1

    A.  Good Cause is Present Under Rule 16......................................................................1

    B.  Leave to Amend Should be Granted in the Interests of Justice Under Rule 15 ........................................................................................................3

    C.  Granting Leave to Amend Will Not Unfairly Prejudice the Opposing Parties ........................................................................................................4

        1.  The Opposing Parties were on Notice of World Media's Registration ....................................................................................4

        2.  The Amendment Will Not Prolong Discovery ............................................6

    D.  Granting Leave to Amend Saves Judicial Time and Resources ...................................................................................................................8

II.  CONCLUSION....................................................................................................................9

CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2 ................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arab African Int'l Bank v. Epstein*,
   10 F.3d 168 (3d Cir. 1993)...............................................................................................3

*Dole v. Arco Chem. Co.*,
   921 F.2d 484 (3d Cir. 1990)..............................................................................................3

*Grayson v. Mayview State Hosp.*,
   293 F.3d 103 (3d Cir. 2002).............................................................................................3

*Sabatino v. Union Twp.*,
   No. 11-1656, 2013 U.S. Dist. LEXIS 54866 (D.N.J. Apr. 15, 2013) ...................................2, 3

*Smith v. Honeywell Int'l, Inc.*,
   No. 10-CV-03345-ES-JAD, 2014 U.S. Dist. LEXIS 9563
   (D.N.J. Jan. 27, 2014) ...............................................................................................3, 4, 5

*Voilas v. Gen. Motors Corp.*,
   173 F.R.D. 389 (D.N.J. 1997).........................................................................................3

**STATUTES, RULES & OTHER AUTHORITIES**

Charles Alan Wright *et al.*, *Federal Practice and Procedure* ..........................................................3

Fed. R. Civ. P. 15(a)(2).................................................................................................3

### I.   **INTRODUCTION**

Defendant/Counterclaim Plaintiff World Media Group, LLC ("World Media") moves this Court for leave to file a Second Amended Answer and Counterclaims in order to add claims for infringement of its registered trademark EDIBLES in connection with mobile phone applications, as well as to add as parties the owners of said mobile applications, Edible Brands, LLC, Edible Arrangements International, Inc. d/b/a Edible Arrangements International, LLC, and Netsolace, Inc. (hereinafter referred to as the "Opposing Parties," collectively).  Specifically, World Media's Second Amended Answer and Counterclaims alleges that the use of the mobile applications constitutes (a) trademark infringement of a federally registered mark; (b) a violation of Section 43(a) of the Lanham Act; (c) common-law trademark infringement and unfair competition; and (d) unfair competition under N.J.S.A. § 56:4-1.

A copy of the proposed Second Amended Answer and Counterclaims is attached as Exhibit A[1].  The proposed new paragraphs and revisions are shown in track changes.

#### A.   **Good Cause Is Present Under Rule 16**

Courts have looked for a showing of good cause under Rule 16 when a party moves to amend a pleading after the expiration of the deadline in the scheduling order.  Good cause is present here because World Media was reasonably diligent in bringing forth its claims upon gaining knowledge of the existence of the various EDIBLE(s) mobile applications operated by Edible Arrangements, LLC, Edible Brands, LLC, Edible Arrangements International, Inc. d/b/a Edible Arrangements International, LLC and Netsolace, Inc. Specifically, under Rule 16,

---

[1] On or about January 18, 2022, World Media filed a complaint alleging the same claims World Media seeks to add to the present suit by amendment.  Said complaint has not yet been served.  If World Media's Motion for Leave to File a Second Amended Answer and Counterclaims is granted, World Media will promptly withdraw its January 18, 2022 complaint.

> [w]hen examining a party's diligence and whether 'good cause' exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired.

*Sabatino v. Union Twp.*, No. 11-1656, 2013 U.S. Dist. LEXIS 54866, at *13 (D.N.J. Apr. 15, 2013). Notably, "Rule 16(b)(4) does not require a party to exercise an advanced or superior level of diligence, but rather requires only reasonable diligence." *Id*. at *14.

Here, World Media only recently became aware of the existence of the various EDIBLE(s) mobile applications. Edible Arrangements, LLC and Edible IP, LLC (collectively the "Original Plaintiffs"), the entities that initiated the present suit did not provide written disclosure of the existence of these mobile applications. The mobile applications at issue were not mentioned in (1) the Original Plaintiffs' Complaint; (2) any written discovery response; or (3) revealed during the depositions taken of either of the Original Plaintiffs' witnesses, Stephen Thomas and Paul Bundonis. The absence of the written disclosure of the mobile applications by the Original Plaintiffs is curious given the lengthy discussion of the Original Plaintiffs' business in their Complaint described in paragraphs 18 through 24. Notably, paragraph 24 discusses their channels of trade, including brick and motor stores and online sales, but omits any reference to the mobile applications.

Rather, World Media, during its preparation for private mediation, discovered the mobile applications. After mediation proved to be unsuccessful, World Media acted quickly to draft and file a complaint alleging various claims relating to the use and existence of those mobile applications.[2] World Media was diligent in bringing these claims upon discovery of the existence

---

[2] The present action was stayed at this time from December 9, 2022, until February 9, 2022, due to the scheduled mediation session.

of the mobile applications, and as such, good cause is present and supports granting leave to amend.

> B. **Leave To Amend Should Be Granted In The Interests Of Justice Under Rule 15**

Federal Rule of Civil Procedure 15(a)(2) governs requests for leave to amend, allowing an amendment either through the court's leave or through obtaining the opposing party's written consent. *Smith v. Honeywell Int'l, Inc.*, No. 10-CV-03345-ES-JAD, 2014 U.S. Dist. LEXIS 9563, at *21-23 (D.N.J. Jan. 27, 2014). While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Voilas v. Gen. Motors Corp.,* 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); *see also* Charles Alan Wright *et al.*, *Federal Practice and Procedure*: (Vol. 6) Civil 3d § 1484, at 676 (3d ed. 2010) ("Subdivision (a)(2) [of Rule15] encourages the court to look favorably on requests to amend."). This ensures that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990); *see also Sabatino* 2013 U.S. Dist. LEXIS 54866, at *17-18 ("If the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "[c]ommitted to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### C. Granting Leave To Amend Will Not Unfairly Prejudice The Opposing Parties

Granting leave to amend will not unfairly prejudice the Opposing Parties because they have been aware of World Media's federal registration since at least April of 2021, when the Original Plaintiffs requested documentation related to said registration. Further, the additional claims will not prolong resolution of the suit. Third Circuit case law holds that:

> [i]n determining what constitutes unfair prejudice, courts consider whether allowing the amended pleading would (1) require the non-moving party to expend significant resources to conduct discovery and prepare for trial, (2) significantly delay resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *Id.* (internal citations omitted).
>
> Generally, courts have not found unfair prejudice when a party moves to amend while discovery is still open.

*Smith* 2014 U.S. Dist. LEXIS 9563, at *25. The absence of unfair prejudice in this case strongly supports the granting of World Media's motion for leave to amend.

#### 1. The Opposing Parties Were On Notice Of World Media's Registration

The Opposing Parties are all members of the Farids Family of Companies and, as such, have been aware of World Media's federal registration since at least as early as April 30, 2021, the start of discovery, and therefore will not be unfairly prejudiced by the amendment. *Smith v. Honeywell* was a class action that arose from the defendants' alleged failure to properly handle and remediate toxic waste generated by their production facility. The court found that the defendants would not be unfairly prejudiced by an amendment to add additional parties to the class action that could introduce new properties because the defendants had been on notice that these areas may be part of the litigation. Notably, the court additionally found that even if defendants had not been on notice, they would not be unfairly prejudiced:

> Even if Defendants did not have notice, the Court finds that the change in the scope of the properties included in the class definitions will not result in unfair prejudice. Although Defendants argue that the amendment will require additional discovery, the

inconvenience of new interrogatories or additional discovery alone does not amount to unfair prejudice.

*Smith*, 2014 U.S. Dist. LEXIS 9563, at *28 (internal citations omitted).

Here, World Media's registration is publicly available, and the Opposing Parties certainly had knowledge of the existence of their own mobile applications. Significantly, on or about April 30, 2021, the Original Plaintiffs requested documents relating to World Media's registration asserted in the new claims:

> **Request for Production No. 3**
> All documents and things relating to U.S. Registration Number 3763049 for EDIBLES for a mobile app.

(Pls' First Req. for Produc. of Docs.). World Media then supplied a copy of its registration in its document production at bates numbers WMG00012095 and WMG00012098.

Further, on or about June 17, 2021, World Media referenced the existence of its registration to the Original Plaintiffs in its response to the Original Plaintiffs' first set of interrogatories:

> **Interrogatory No. 10**
> State in detail the complete basis, both factual and legal, for any contention by You that You have trademark or service mark ownership rights in edibles.com and/or the EDIBLES Name.
> **Response**
> In addition to the General Objections above, which are incorporated herein by reference, World Media objects to this interrogatory as World Media is not claiming to own trademark or service mark rights in edibles.com, or to the EDIBLES Name in the cannabis field. World Media, and its predecessors in interest, have been using the EDIBLES mark throughout the United States in connection with computer application software for mobile phones since at least as early as 2008. This use is evidenced in part by U.S. Trademark Registration No. 3,763,049 . . .
>
> **Interrogatory No. 11**
> State in detail the complete basis, both factual and legal, for any contention by You that You have priority trademark or service mark rights over Plaintiffs' EDIBLE Marks and service marks asserted in the Complaint [Dkt. 1].
> **Response**

> . . . Subject to and without waiving the foregoing objections, World Media states that it, and its predecessors in interest, have been using the EDIBLES mark throughout the United States since at least as early as 2008 in connection with computer application software for mobile phones. These rights are evidenced in part by U.S. Trademark Registration No. 3,763,049.

(World Media's Resp. to Pls' First Set of Interrogs.)  Thus, the Opposing Parties, who are all members of the Farids Family of Companies along with the Original Plaintiffs, cannot show that they will be unfairly prejudiced by the amendment.

### 2. The Amendment Will Not Prolong Discovery

At present, discovery is still open until February 28, 2022.  Prior to World Media bringing its additional claims, the Original Plaintiffs represented to World Media that they wished to extend the discovery period.  This extension was also discussed before the Court on February 1, 2022.  As a result of that discussion, filed concurrently with this motion is a joint proposed discovery schedule, extending the close of discovery until March 9, 2022.  World Media does not anticipate that much additional discovery will be needed in response to these new claims.  This already contemplated extension will accommodate any minimal additional discovery that may be required.  To this end, World Media does not intend to redepose Stephen Thomas or Paul Bundonis.  Further, World Media previously served requests that encompass information regarding the mobile applications at issue:

> **REQUEST FOR PRODUCTION NO.16:**
> Documents sufficient to identify the geographic scope and extent of the advertising and promotion of products or services offered, or intended to be offered, under each of Plaintiffs' Registered Marks and Plaintiffs' Applications, including without limitation documents sufficient to show all geographical locations in the United States (by state) in which you have advertised or promoted your products, or intend to advertise or promote your products.
>
> **REQUEST FOR PRODUCTION NO.17:**
> Documents identifying the geographic scope and extent of the distribution and sale of products or services offered, or intended to be offered, under each of Plaintiffs' Registered Marks and Plaintiffs' Applications, including without limitation documents sufficient to show all geographical locations in the United States (by state) in which you

have distributed or sold your products, or intend to distribute or sell your products.

**REQUEST FOR PRODUCTION NO. 51:**
Representative documents that show product development and branding of items marketed with the brand "EDIBLE" or "EDIBLES".

(World Media's First Req. for Produc.); World Media's Second Req. for Produc.)  Thus, World Media has no intend to serve additional discovery concerning its new claims.

Moreover, the Original Plaintiffs are already in possession of ample information and documentation related to World Media's mobile application, which has been supplied in response to their previous discovery requests.  Specifically, the Original Plaintiffs already issued the following requests:

**REQUEST NO. 3.**
All documents and things relating to U.S. Registration Number 3763049 for EDIBLES for a mobile app.

**REQUEST NO. 17.**
Documents sufficient to show the scope of use of Defendant's or its predecessors in interest's EDIBLES mobile application, including records reflecting all downloads of Defendant's EDIBLES mobile application, the geographic location of such downloads, and user engagement on a daily, weekly, and/or monthly basis.

**REQUEST NO. 26.**
All documents and things relating to the traffic driven to any landing page corresponding to the www.edibles.com domain name and/or mobile application, including records of webpage hits, pageviews, page impressions, visits, unique visitors, and sources of this traffic.

**REQUEST NO. 34.**
All documents relating to the design of the websites used by You or any predecessors in interest in connection with the edibles.com domain name and/or EDIBLES Name, including who designed each website.

(Pls' First Set of Reqs. for Produc.) World Media has produced documents relating to these requests, including the coding information relating to the mobile application and records of its downloads.  Moreover, the Original Plaintiffs have not yet deposed any witnesses of World Media, and as such still have the opportunity to seek information through these depositions.

Indeed, the Original Plaintiffs already included a topic related to World Media's mobile application in their 30(b)(6) Notice:

> 8. The number of times the EDIBLES App of World Media has been downloaded, including the dates of all downloads, on Google Play, the Apple Store, or other platform.

(Pls' 30(b)(6) Notice to World Media, Topic Number 8.)

Thus, the resolution of this suit does not need to be prolonged as a result of the addition of these claims. The Second Amended Answer and Counterclaims should not cause any change to the proposed scheduling order the parties submit to the Court for its review, and no party will be unduly prejudiced if this motion is granted.

### D.     Granting Leave To Amend Saves Judicial Time And Resources

World Media's additional claims involve parties to the original suit, as well as the application of law associated with trademark rights in connection with the terms EDIBLE and EDIBLES. World Media's proposed Second Amended Answer and Counterclaims includes allegations of (a) trademark infringement of a federally registered mark; (b) a violation of Section 43(a) of the Lanham Act; (c) common-law trademark infringement and unfair competition; and (d) unfair competition under N.J.S.A. § 56:4-1.

Specifically, World Media now asserts rights in connection with its U.S. Trademark Registration No. 3,763,049 for the mark EDIBLES for use in connection with "Computer application software for mobile phones" in class 9. World Media's amendment includes Edible Arrangements, LLC, Edible Brands, LLC, Edible Arrangements International, Inc. d/b/a Edible Arrangements International, LLC and Netsolace, Inc. as parties. At present, the suit is centered around the use of the terms EDIBLE and EDIBLES by the current parties, World Media, Edible Arrangements, LLC, and Edible IP, LLC. Moreover, the Original Plaintiffs and the additional parties are all members of the Farids Family of Companies. Thus, granting leave to amend to

add the new claims to the present suit will save judicial time and resources because the claims involve overlapping parties and overlapping laws.

## II. CONCLUSION

Based on the foregoing, World Media respectfully requests that the Court grant its motion for leave to file the Second Amended Answer and Counterclaims submitted herewith as Exhibit A.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Defendant/Counterclaim Plaintiff World Media Group, LLC*

Dated: February 10, 2022        By:   s/ Gregg A. Paradise
    Gregg A. Paradise
    Tel:   908.654.5000
    E-mail: gparadise@lernerdavid.com
    litigation@lernerdavid.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, the case *Edible IP, LLC et al v. World Media Group, LLC*, Civil Action No. 1:20-cv-03259, was filed in the United States District Court for the Northern District of Georgia on August 5, 2020, and terminated on December 14, 2020, when the Georgia court transferred the case to this Court. Additionally, on or about January 18, 2022, Defendant/Counterclaim Plaintiff filed an action for infringement, *World Media Group, LLC v. Edible Arrangements, LLC et al*, Civil Action No. 3:22-cv-00216, in the United States District Court for the District of New Jersey. Neither Defendant/Counterclaim Plaintiff nor its attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Defendant/Counterclaim Plaintiff World Media Group, LLC*

Dated:        February 10, 2022          By:   s/ Gregg A. Paradise
    Gregg A. Paradise
    Tel:   908.654.5000
    E-mail: gparadise@lernerdavid.com
    litigation@lernerdavid.com