Gregg A. Paradise
Daniela Caro-Esposito
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
20 Commerce Dr.
Cranford, NJ 07016
Tel:    908.654.5000
Fax:    908.654.7866

*Attorneys for Defendant/Counterclaim Plaintiff World Media Group, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC, | : <br> : <br> : |
| | :    Civil Action No. 3:20-cv-19178 |
| Plaintiffs, | : |
| v. | :    Michael A. Shipp, U.S.D.J. |
| | :    Lois H. Goodman, U.S.M.J. |
| WORLD MEDIA GROUP, LLC, | : |
| | : |
| Defendant. | x |
| | : |
| WORLD MEDIA GROUP, LLC, | : |
| | : |
| Counterclaim Plaintiff, | : |
| v. | : |
| | : |
| EDIBLE IP, LLC; and EDIBLE ARRANGEMENTS, LLC, EDIBLE BRANDS, LLC, EDIBLE ARRANGEMENTS INTERNATIONAL, INC. d/b/a EDIBLE ARRANGEMENTS INTERNATIONAL, LLC and NETSOLACE, INC., | : <br> : <br> : <br> x |
| | |
| Counterclaim Defendants. | |

## SECOND AMENDED ANSWER AND COUNTERCLAIMS

Defendant World Media Group, LLC ("World Media") hereby answers and counterclaims in response to the complaint of plaintiffs Edible IP, LLC and Edible Arrangements, LLC (collectively, "Edible IP"), as follows:

## NATURE OF THE ACTION

1.     Admitted that this is a civil action against World Media for federal domain name piracy; federal and state trademark and service mark infringement; federal unfair competition, false designation of origin, and palming off; Georgia common law unfair competition; Georgia statutory deceptive trade practices; and cancellation of a federal service mark registration for abandonment.

2.     Denied.

3.     Admitted that the complaint is brought pursuant to the trademark laws of the United States, Title 15, United States Code, as well as pursuant to the unfair competition and deceptive trade practices laws of the state of Georgia, and that the complaint asserts claims for: federal domain name piracy; federal trademark and service mark infringement; federal unfair competition, false designation of origin, and palming off; Georgia common law trademark and service mark infringement; Georgia common law unfair competition; violation of Georgia's Uniform Deceptive Trade Practices Act; and cancellation of Defendant's federal service mark registration for EDIBLE: PERSONAL GIFTS FOR PEOPLE IN YOUR LIFE, U.S. Registration No. 4857834, and otherwise denied.

4.     Admitted that in bringing this lawsuit, Edible IP seeks: a judgment of forfeiture and transfer of Defendant's offending domain name <www.edibles.com> (the "Domain Name" or "Disputed Domain") to Edible IP; recompense for damages measured by an accounting of Defendant's profits; three times any actual damages that Edible IP has sustained; or, at Edible

IP's election to be made before trial, statutory damages in lieu of actual damages on the cyberpiracy claim; cancellation of Defendant's federal service mark Registration No. 4857834; a permanent injunction; punitive damages; attorney's fees; and costs, and otherwise denied.

## THE PARTIES

5.       World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint, and therefore denies same.

6.       World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint, and therefore denies same.

7.       Admitted, however World Media notes that the correct suite number is 206.

## JURISDICTION AND VENUE

8.       Admitted that the United States District Court for the District of New Jersey has original jurisdiction over Edible IP's claims.

9.       Admitted that the United States District Court for the District of New Jersey has supplemental subject matter over the claims for trademark infringement, unfair competition, and deceptive trade practices that arise under the state of Georgia's statutory and common law.

10.       Denied; however, World Media admits that the United States District Court for the District of New Jersey has personal jurisdiction over Edible IP, LLC and Edible Arrangements, LLC.

11.       Denied; however, World Media admits that it is subject to general and specific personal jurisdiction in the United States District Court for the District of New Jersey.

12.       Denied.

13.       Denied as to venue in the state of Georgia; however, World Media admits that venue is proper in the United States District Court for the District of New Jersey.

## FACTUAL BACKGROUND

**Edible and Its Businesses**

14.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint, and therefore denies same.

15.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint, and therefore denies same.

16.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint, and therefore denies same.

17.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint, and therefore denies same.

18.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint, and therefore denies same.

19.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the complaint, and therefore denies same.

20.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint, and therefore denies same.

21.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint, and therefore denies same.

22.     Denied.

23.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint, and therefore denies same.

24.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the complaint, and therefore denies same.

25.     Denied.

## Edible IP's Intellectual Property Rights

26.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the complaint, and therefore denies same.

27.     Denied.

28.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the complaint, and therefore denies same.

29.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the complaint, and therefore denies same.

30.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the complaint, and therefore denies same.

31.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint, and therefore denies same.

32.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint, and therefore denies same.

33.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the complaint, and therefore denies same.

34.     World Media asserts that these allegations are not factual in nature, and thus no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 34.

35.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the complaint, and therefore denies same.

36.     Denied.

37.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the complaint, and therefore denies same.

38.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the complaint, and therefore denies same.

39.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the complaint, and therefore denies same.

40.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the complaint, and therefore denies same.

41.     Denied.

42.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the complaint, and therefore denies same.

43.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the complaint, and therefore denies same.

44.     Denied.

45.     Denied.

### Defendant World Media and Its Registration and
### Renewals of The Disputed Domain <www.edibles.com>

46.     Admitted.

47.     World Media admits the allegations of paragraph 47 to the extent that the quoted language accurately reflects its website located at <www.worldmediagroupllc.com>.

48.     World Media admits that it owns and has owned a large portfolio of domain names, admits that World Media has sold certain domain names, and otherwise denies the allegations of paragraph 48.

49.     Admitted.

50.     World Media admits the allegation of paragraph 50, however World Media is without knowledge as to whether the time period is usually for one year, and thus denies this portion of paragraph 50.

51.     Admitted.

52.     Admitted.

53.     Admitted.

54.     World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the complaint, and therefore denies same.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     World Media admits that at times during the history of its ownership of the Domain Name that began in 1996, the Domain Name had pay-per-click advertisements placed on it.

61.     Denied.

62.     The allegations of paragraph 62 cannot be answered because no time period is indicated. World Media therefore denies these allegations.

63.     The allegations of paragraph 63 cannot be answered because no time period is indicated. World Media therefore denies these allegations.

64.     The allegations of paragraph 64 cannot be answered because no time period is indicated. World Media therefore denies these allegations.

65.     The allegations of paragraph 65 cannot be answered because no time period is indicated. World Media therefore denies these allegations.

66.     Denied.

67.     Denied.

68.     World Media admits the allegations of paragraph 68 to the extent that from 2014 until sometime in 2018 the Disputed Domain contained content regarding "Gifts for Moms", Gifts for Dads", "Friend Gifts", and the like, and otherwise denies the allegations of paragraph 68.

69.     Admitted.

70.     Admitted.

71.     Admitted.

72.     World Media admits that the general description of its webpage is accurate, but denies the remaining allegations including the characterizations of what appears on its webpage. World Media further notes that no reproduction of its webpage is included in the Complaint despite this claim.

73.     World Media admits that the general description of its webpage is accurate, but denies the remaining allegations including the characterizations of what appears on its webpage.

74.     Denied.

75.     Admitted.

76.     Denied.

77.     Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   World Media admits the allegations of paragraph 82 to the extent that it renewed the Disputed Domain in January 2020, and denies the remaining allegations of paragraph 82.

83.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Denied.

88.   Denied.

89.   Denied.

90.   Admitted.

91.   Admitted.

92.   Admitted.

93.   World Media admits that the quoted language is accurate, and otherwise denies the allegations of paragraph 93.

94.   World Media admits that on February 10, 2015, the USPTO issued an Office Action refusing registration under the reasoning therein, and otherwise denies allegations of paragraph 94.

95.   Admitted.

96.   Denied.

97.     Denied.

98.     Admitted.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

## COUNT ONE

### Federal Cyberpiracy

103.    World Media incorporates its Answers to the preceding paragraphs 1 to 102.

104.    World Media admits that this claim is brought under the ACPA, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(d) for the Disputed Domain. World Media denies the remaining allegations of paragraph 104 of the complaint.

105.    Admitted.

106.    Denied.

107.    Denied.

108.    World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the complaint, and therefore denies same.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

## COUNT TWO

**Infringement of the Federally Registered Asserted EDIBLE Trademarks and**

**<u>Service Marks</u>**

131.    World Media incorporates its Answers to the preceding paragraphs 1 to 102.

132.    World Media is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the complaint, and therefore denies same.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

## COUNT THREE

### Federal Unfair Competition and

### <u>False Designation of Origin or Sponsorship</u>

145.    World Media incorporates its Answers to the preceding paragraphs 1 to 102.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

## COUNT FOUR

### Georgia Common Law Trademark and Service Mark Infringement

159.   World Media incorporates its Answers to the preceding paragraphs 1 to 102.

160.   World Media admits that the United States District Court for the District of New Jersey has jurisdiction.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

## COUNT FIVE

### Georgia Common Law Unfair Competition

165.   World Media incorporates is Answers to the preceding paragraphs 1 to 102.

166.   World Media admits that the United States District Court for the District of New Jersey has jurisdiction.

167.   Denied.

## COUNT SIX

### Georgia Uniform Deceptive Trade Practices Act

168.   World Media incorporates is Answers to the preceding paragraphs 1 to 102.

169.    World Media admits that the United States District Court for the District of New Jersey has jurisdiction.

170.    World Media asserts that these allegations are not factual in nature, and thus no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 170.

171.    Denied.

172.    Denied.

173.    Denied.


World Media notes that Plaintiffs' Complaint does not include any paragraphs numbered 174 through 178.


## COUNT SEVEN

### Cancellation of Federal Trademark Registration No. 4857834

179.     World Media incorporates is Answers to the preceding paragraphs 1 to 102.

180.    Admitted.

181.    Admitted.

182.    World Media asserts that these allegations are not factual in nature, and thus no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 182.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

## PRAYER FOR RELIEF

World Media denies that Edible IP is entitled to any judgment or relief against World

Media, and, therefore, specifically denies paragraphs A-K of Edible's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the doctrine of fair use.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the doctrines of laches and estoppel.

## COUNTERCLAIMS

As for its counterclaims, Defendant/Counterclaim Plaintiff World Media Group LLC alleges as follows:

1.     Defendant/Counterclaim Plaintiff World Media is a New Jersey limited liability company with its sole place of business in the State of New Jersey, located at 25 Mountainview Boulevard, Suite 206, Basking Ridge, New Jersey 07920.

2.     World Media successfully builds businesses combined with their strong generic domains, in some cases by founding the companies and building teams, and in other cases by forming partnerships with other companies.

3.     Mail.com, Inc., a commonly controlled predecessor in interest to World Media, acquired the edibles.com domain name in 1996. World Media and its commonly owned predecessor in interest have maintained this Domain Name ever since such time.

4.     World Media, and its commonly controlled predecessor in interest, have been using the EDIBLES mark throughout the United States since at least as early as 2008.

5.     World Media is the owner of two websites that have been identified by Plaintiffs in this legal action: www.edibles.com and worldmediagroupllc.com.

6.   World Media owns various intellectual property assets related to the mark EDIBLES. Specifically, World Media owns all the rights in U.S. Trademark Registration No. 3,763,049 for the mark EDIBLES for use in connection with "Computer application software for mobile phones" in class 9. The registered mark has a first use dating back to August 6, 2008.

7.   World Media renewed U.S. Registration No. 3,763,049 on April 27, 2019.

Accordingly, U.S. Registration No. 3,763,049 is in full force and effect and has become incontestable, thereby granting the owner the exclusive right to use the registered mark EDIBLES in commerce for the goods and services covered by the registration.

8.   World Media owns and operates a mobile application entitled "EDIBLES" that falls within the scope of its registration:



9.   World Media's mobile application "EDIBLES" is a nutrition application that provides nutrition data sourced from the U.S. Department of Agriculture.

10.     Upon information and belief, Plaintiffs/Counterclaim Defendants Edible IP, LLC and Edible Arrangements, LLC (collectively, "Edible IP") and Counterclaim Defendants Edible Brands, LLC, Edible Arrangements International, Inc. d/b/a/ Edible Arrangements, International, LLC, and Netsolace, Inc. are incorporated as follows:

a.   Plaintiff/Counterclaim Defendant Edible IP, LLC is a Connecticut limited liability company. Edible IP, LLC's principal place of business is in Fulton County, Georgia at 980 Hammond Drive, Atlanta, GA 30328. Edible IP, LLC

owns all of the trademarks, service marks, trade names, common law intellectual property, and other goodwill associated with the brand "EDIBLE."

b. Plaintiff/Counterclaim Defendant Edible Arrangements, LLC is a Delaware limited liability company with a principal place of business at 980 Hammond Drive, Atlanta, Georgia 30328.

c. Counterclaim Defendant Edible Brands, LLC ("Edible Brands") is a Delaware limited liability company with a principal place of business at 980 Hammond Drive, Suite 1000, Atlanta, Georgia 30328. Further, Edible Brands is believed to be the parent company of Edible Arrangements.

d. Counterclaim Defendant Edible Arrangements International, Inc. d/b/a "Edible Arrangements International, LLC" ("Edible Arrangements International") is incorporated in Connecticut and has a principal place of business at 95 Barnes Road, Wallingford, Connecticut 06492.

e. Counterclaim Defendant Netsolace, Inc. ("Netsolace") is a Delaware limited liability company with a principal place of business at 980 Hammond Drive, Suite 1000, Atlanta, Georgia 30328.

f. Upon information and belief, Counterclaim Defendants are members of Farids Family of Companies, which has a principal place of business at 980 Hammond Drive, Suite 1000, Atlanta, Georgia 30328.


11.    On information and belief, Edible Arrangements, LLC started selling fruit baskets in 1998 under the name Edible Arrangements. In 2000, Edible Arrangements, LLC obtained its first U.S. Trademark Registration for "Edible Arrangements" for its fruit basket arrangements.

12.     For over a decade, Edible Arrangements, LLC used the Edible Arrangements mark solely in connection with stylized fresh fruit products.

13.     On further information and belief, since Plaintiffs'/Counterclaim Defendants' founding, consumers recognize Plaintiffs'/Counterclaim Defendants' business as "Edible Arrangements," despite its recent attempts to rebrand itself as "Edible."

14.     On further information and belief, consumers associate "Edible Arrangements" primarily with stylized fruit shaped like flowers and fruit baskets containing same.

15.     On further information and belief, Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC are now branching into the cannabis edibles market.

16.     In a 2019 Forbes magazine article, Tariq Farid expressed his plans to launch Plaintiffs'/Counterclaim Defendants' new franchise model, Incredible Edibles. The Incredible Edibles franchise will infuse cannabis into food products. According to the article and quotes from Tariq Farid, Incredible Edibles intends to use its "legal foothold on terms like 'Edible'" to corner the market on cannabis products and its established connotation with the [generic] term "edibles."

17. In connection with its fruit basket business, Edible Arrangements operates a website online (ediblearrangements.com) that advertises its mobile application entitled "Edible Arrangements":



18. Upon further information and belief, the "Edible Arrangements" mobile application

appears as simply "Edible" once downloaded onto a mobile phone:



19. Upon information and belief, Counterclaim Defendant Edible Arrangements

International is the owner of the mobile application.

20. Upon further information and belief, Counterclaim Defendant Edible Arrangements

International is also the owner of the mobile application entitled "edible STRONGER together":



21. Upon information and belief, Counterclaim Defendant Netsolace owns the mobile application entitled "Edible Go!":



22. Counterclaim Defendants Edible Arrangements, Edible Brands, Edible Arrangements International, and Netsolace are presently using the term EDIBLE in connection with application software for mobile phones.

23. This use by Edible Arrangements, Edible Brands, Edible Arrangements International, and Netsolace is likely to cause confusion with the business of World Media, and prospective users of World Media's mobile application are likely to assume that said Counterclaim Defendants are either part of World Media's organizations or have been authorized by World Media.

24. World Media believes and alleges that Edible Arrangements, Edible Brands, Edible Arrangements International, and Netsolace have infringed on World Media's trademark, engaged in unfair competition, false designation of origin and palming off, and committed deceptive trade practices for the mark asserted in this litigation against Counterclaim Defendants, namely, U.S. Registration No. 3,763,049.

25. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. §§ 1116(a) and 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the Trademark Laws of the United States.

26. This Court has supplemental jurisdiction over the state common law claims under 28 U.S.C. § 1367.

27. Upon information and belief, Edible Arrangements, Edible Brands, Edible Arrangements International, and Netsolace purport to be and are actively engaged in promoting, advertising, marketing, or offering their services and/or doing business within this judicial district.

28. Upon information and belief this Court has, and at all relevant times has had, personal

jurisdiction over Edible Arrangements, Edible Brands, Edible Arrangements International, and Netsolace pursuant to the law of the State of New Jersey and Rule 4 of the Federal Rules of Civil Procedure.

29. Plaintiffs/Counterclaim Defendants Edible Arrangements and Edible IP have consented to suit in the United States District Court for the District of New Jersey.

30. The claims alleged in this Complaint arise in the State of New Jersey.

31. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## FIRST COUNTERCLAIM
### (Declaratory Judgment Of Noninfringement)

32.     World Media incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

33.     Plaintiffs/Counterclaim Defendants Edible Arrangements and Edible IP have threatened World Media with claims that World Media's continued registration and use of the edibles.com Domain Name, EDIBLES marks, and generic term "edibles" infringe rights allegedly possessed by Plaintiffs/Counterclaim Defendants.

34.     World Media has not infringed and does not infringe any of Plaintiffs/Counterclaim Defendants' trademarks or other rights.

35.     Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, World Media is entitled to a declaratory judgment that World Media does not infringe, and has not infringed, any trademarks or other rights of Plaintiffs/Counterclaim Defendants.

## SECOND COUNTERCLAIM

### (Tortious Interference with Prospective Economic Advantage)

19.     World Media incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

20.     By at least 2013, Plaintiffs/Counterclaim Defendants have been aware of World Media's use of the disputed domain name edibles.com. Specifically, on or about October 17, 2013, Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC initiated contact with World Media in the form of a cease and desist letter ("Cease and Desist Letter") relating to edibles.com.

21.     The parties unsuccessfully attempted to resolve their disputes amicably. Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC showed interest in procuring the domain name from World Media, and were aware that World Media was working to transform the domain name into a successful business.

22.     The parties were unable to resolve their 2013 dispute, and Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC then resorted to regularly threatening World Media with litigation and legal assertions in connection with edibles.com in an effort to force World Media into transferring its generic domain name to Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC.

23.     Moreover, in a 2019 Forbes magazine article, Tariq Farid expressed his intention use his business's "legal foothold on terms like 'Edible'" to corner the market on cannabis products and its established connotation with the [generic] term "edibles."

24.     On multiple occasions, World Media has had opportunities to partner with other business entities to establish businesses in connection with World Media's domain name edibles.com.

25.     World Media has had a reasonable expectation that said business partnerships would move forward.

26.     The repeated threats of legal action from Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC prevented the fruition of said prospective business partnerships.

27.     Specifically, potential partnerships with 1-800 Flowers, Inc. and Penske Media Group failed because of the above-noted actions of Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC.

28.     Said prospective business partners declined to move forward with business ventures in connection with edibles.com for fear of the possibility of legal action from Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC, as threatened without merit.

29.     Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC further threatened World Media with litigation and legal assertions with the intention of coercing World Media into transferring its rightfully owned domain name edibles.com to Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC and to either prevent World Media from developing the domain name into a successful business on its own or to negatively impact World Media's ability to develop the domain name with partners.

30.     As a result of Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC's and Edible IP, LLC's unjustified threats of litigation and public statements regarding its intention to control generic terms like "Edible", World Media has suffered damages.

31.     In the 8 years since first threatened by Edible Arrangements, LLC, World Media has been successful in growing its other generic domain name businesses, such as its business at Doctor.com which World Media grew from 10 employees to 150 employees, and its business at Lawyer.com which World Media grew from 6 employees to 75 employees.

**THIRD COUNTERCLAIM**

**(Order Compelling the U.S. Patent and Trademark Office to Cancel U.S.**

**Trademark Registrations for Genericness)**

32.     World Media incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

33.     U.S. Trademark Registration No. 4,319,940 for the mark EDIBLE is invalid and unenforceable because now and/or at the time of registration, the term "edible" is and was generic, as applied to the goods and services recited in Registration No. 4,319,940 and therefore is not presently protectable and was not protectable as a trademark at the time of registration.

34.     U.S. Trademark Registration No. 5,614,310 for the mark EDIBLE is invalid and unenforceable because now and/or at the time of registration, the term "edible" is and was generic, in whole or in part, as applied to the goods recited in Registration No. 5,614,310 and therefore is not presently protectable and was not protectable as a trademark at the time of registration.

35.     U.S. Trademark Registration No. 6,062,806 for the mark EDIBLE.COM is invalid and unenforceable because now and/or at the time of registration, the term "edible" is and was generic, in whole or in part, as applied to the goods recited in Registration No. 6,062,806 and therefore is not presently protectable and was not protectable as a trademark at the time of registration.

36.      U.S. Trademark Registration No. 6,008,992 for the mark EDIBLES is invalid and unenforceable because now and/or at the time of registration, the term "edibles" is and was generic, in whole or in part, as applied to the services recited in Registration No. 6,008,992 and

therefore is not presently protectable and was not protectable as a trademark at the time of registration.

37.     World Media has been and continues to be injured by the existence of U.S. Trademark Nos. 4,319,940, 5,614,310, 6,062,806, and 6,008,992, and Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC's and Edible IP, LLC's claim of exclusive rights, as set forth in its Complaint, in the collection of trademark registrations including the terms "EDIBLE" or "EDIBLES" allegedly owned by Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC.

38.     Because Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC are not entitled to maintain any rights to the aforementioned collection of trademark registrations, including those rights accompanying a federal registration, the Court should issue appropriate orders pursuant to 15 U.S.C. §119 directing the Director of the USPTO to cancel U.S. Trademark Nos. 4,319,940, 5,614,310, 6,062,806, and 6,008,992.

## FOURTH COUNTERCLAIM

### (Order Compelling the U.S. Patent and Trademark Office to Refuse U.S. Trademark Applications for Genericness)

39.     World Media incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

40.     U.S. Trademark Application No. 88/480402 for the mark EDIBLE is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/480402 and is therefore not protectable as a trademark.

41.     U.S. Trademark Application No. 88/550549 for the mark EDIBLE is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/550549 and is therefore not protectable as a trademark.

42.     U.S. Trademark Application No. 88/550501 for the mark EDIBLE is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/550501 and is therefore not protectable as a trademark.

43.     U.S. Trademark Application No. 88/550565 for the mark EDIBLE CBD is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/550565 and is therefore not protectable as a trademark.

44.     U.S. Trademark Application No. 88/550579 for the mark EDIBLE CBD is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/550579 and is therefore not protectable as a trademark.

45.     U.S. Trademark Application No. 88/550569 for the mark EDIBLE CBD is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/550569 and is therefore not protectable as a trademark.

46.     U.S. Trademark Application No. 88/550573 for the mark EDIBLE CBD is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/550573 and is therefore not protectable as a trademark.

47.     U.S. Trademark Application No. 88/605404 for the mark EDIBLE.COM is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/605404 and is therefore not protectable as a trademark.

48.     U.S. Trademark Application No. 88/605400 for the mark EDIBLE.COM is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/605400 and is therefore not protectable as a trademark.

49.     U.S. Trademark Application No. 88/605402 for the mark EDIBLE.COM is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the goods recited Application No. 88/605402 and is therefore not protectable as a trademark.

50.     U.S. Trademark Application No. 88/605407 for the mark EDIBLE.COM is unregistrable and unenforceable because the phrase "edible" is generic, as applied to the services recited Application No. 88/605407 and is therefore not protectable as a trademark.

51.     World Media has been and continues to be injured by the existence of U.S. Application Nos. 88/480402, 88/550549, 88/550501, 88/550565, 88/550579, 88/550569, 88/550573, 88/605404, 88/605400, 88/605402, and 88/605407, and Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC's and Edible IP, LLC's claim of exclusive rights, as set forth in its Complaint, in the collection of trademark applications including the terms "EDIBLE" or "EDIBLES" allegedly owned by Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC.

52.     Because Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC are not entitled to maintain any rights to the aforementioned collection of trademark applications, including those rights accompanying a federal registration, the Court should issue appropriate orders pursuant to 15 U.S.C. §119 directing the Director of the USPTO to refuse U.S. Trademark Application Nos. 88/480402, 88/550549, 88/550501, 88/550565, 88/550579, 88/550569, 88/550573, 88/605404, 88/605400, 88/605402, and 88/605407.

## FIFTH COUNTERCLAIM

## **Infringement Of Federally Registered Mark**

53. World Media incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

54. Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's use of the mark EDIBLE in its mobile applications constitutes an infringement of World Media's trademark EDIBLES that is likely to cause confusion and mistake in the minds of consumers and users as to the source of the services, in violation of 15 U.S.C. § 1114, and use of a counterfeit mark in connection with goods under 15 U.S.C. § 1116.

55. Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's activities complained of constitute willful and intentional infringement of World Media's federal incontestable trademark registration in total disregard of World Media's rights.  Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's infringing activities will continue and have continued despite Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's knowledge that the EDIBLES mark was federally registered in connection with applications for mobile phones.

56. Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's infringement has irreparably injured World Media's goodwill.

57. World Media has no adequate remedy at law. Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's conduct has caused, and if not enjoined will continue to cause, irreparable damage to World Media's trademark rights, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

## SIXTH COUNTERCLAIM

### Violation Of Section 43(a) Of The Lanham Act

58. World Media incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

59. Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's use of the mark EDIBLE in its mobile applications are confusingly similar to and competitive with World Media's use of the EDIBLES mark for such goods and constitutes the use of false designations of origin and false descriptions or representations, which tend to falsely describe or represent Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's services, and said Counterclaim Defendants have caused their goods to be available in commerce with full knowledge of the falsity of such designations of origin, all to the detriment and damage of World Media.

60. Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's infringement has irreparably injured World Media's goodwill.

61. Counterclaim Defendants World Media has no adequate remedy at law. Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's conduct has caused, and if not enjoined will continue to cause, irreparable damage to World Media's trademark rights, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

## SEVENTH COUNTERCLAIM

## Common-Law Trademark Infringement And Unfair Competition

62. World Media incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

63. Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's by their acts alleged above, have willfully, knowingly, and intentionally engaged in acts constituting unfair competition under the common law of the State of New Jersey.

64. Upon information and belief, Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's are improperly trading on the reputation and goodwill of World Media and its association with the EDIBLES trademark.

65. Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's infringement has irreparably injured World Media's goodwill.

66. World Media has no adequate remedy at law. Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's conduct

has caused, and if not enjoined will continue to cause, irreparable damage to World Media's trademark rights, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages.

## EIGHTH COUNTERCLAIM

### Unfair Competition Under N.J.S.A. § 56:4-1

67. World Media incorporates by reference each allegation contained in the preceding paragraphs above as if fully set forth herein.

68. Despite the public recognition of the World Media's EDIBLES Mark, Counterclaim Defendants Edible Arrangements, Edible Brands, Edible Arrangements International, and Netsolace traded on the goodwill associated with such trademark.

69. Counterclaim Defendants Edible Arrangements, Edible Brands, Edible Arrangements International, and Netsolace have appropriated for their own use a name, brand, trademark, reputation, or goodwill of World Media in whose goods, namely mobile applications, said defendants deal, in violation of N.J.S.A. § 56:4-1.

70. World Media has no adequate remedy at law.  Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International's, and Netsolace's conduct has caused, and if not enjoined, will continue to cause immediate and irreparable damage to World Media's trademark rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC's and Edible IP, LLC's complaint should be dismissed with prejudice, all relief requested by Plaintiffs/Counterclaim Defendants should be denied, and the Court should enter judgment in World Media's favor, including the following:

A.      An award Judgment in World Media's favor against Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC on all counts of the Counterclaims, and that World Media receive all such relief, including, permanent injunctive, monetary, and other relief sought hereunder;

B.      dismissal of Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC's and Edible IP, LLC's complaint with prejudice;

C.      a declaration that World Media is not infringing any trademark owned by Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC and Edible IP, LLC;

D.      an order preliminarily and permanently enjoining the Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC's and Edible IP, LLC's, their officers, employees, servants, and agents, and all persons in active concert, privity, or participation with them, from further threats of litigation based on World Media's lawful use of generic terms;

E.      an entry of order pursuant directing the Director of the USPTO to cancel U.S. Trademark Nos. 4,319,940, 5,614,310, 6,062,806, and 6,008,992.

F.      an entry of order directing the Director of the USPTO to refuse U.S. Trademark Application Nos. 88/480402, 88/550549, 88/550501, 88/550565, 88/550579, 88/550569, 88/550573, 88/605404, 88/605400, 88/605402, and 88/605407.

G.   an award of compensatory damages resulting from Plaintiffs/Counterclaim Defendants Edible Arrangements, LLC's and Edible IP, LLC's tortious interference with prospective economic advantage;

H.   a permanent injunction enjoining Counterclaim Defendants Edible Arrangements, Edible Brands, Edible Arrangements International, and Netsolace, their officers, employees, servants, and agents, and all persons in active concert, privity, or participation with them, from employing the mark EDIBLE or any other name or trademark that contains the word EDIBLE or would be confusingly similar to World Media's trademark EDIBLES, for or in connection with any mobile applications;

I.   an accounting to determine any profits Counterclaim Defendants Edible Arrangements, Edible Brands, Edible Arrangements International, and Netsolace have made in connection with their services provided in connection with the infringing EDIBLE marks and an award to World Media of such profits;

J.   an award of compensatory damages arising out of Counterclaim Defendants Edible Arrangements', Edible Brands', Edible Arrangements International', and Netsolace's infringement and trebling of such award, as provided by 15 U.S.C. § 1117;

K.   an award to World Media of its reasonable attorney fees and costs in the action on the ground that this is an exceptional case; and

L.   an award of punitive damages;

M.   an award to World Media of all further and additional relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), defendant World Media hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for World Media Group, LLC*

Dated: October 6, 2022                    By: s/Gregg A. Paradise
Gregg A. Paradise
Tel:     908.654.5000
E-mail:gparadise@lernerdavid.com
litigation@lernerdavid.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, the case *Edible IP, LLC et al v. World Media Group, LLC*, Civil Action No. 1:20-cv-03259, was filed in the United States District Court for the Northern District of Georgia on August 5, 2020, and terminated on December 14, 2020, when the Georgia court transferred the case to this Court. Neither Defendant nor Defendant's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for World Media Group, LLC*

Dated: October 6, 2022                    By:  s/Gregg A. Paradise
Gregg A. Paradise
Tel:     908.654.5000
E-mail:gparadise@lernerdavid.com
litigation@lernerdavid.com