Charles Quinn
McElroy, Deutsch
   Mulvaney & Carpenter LLP
1300 Mount Kemble Avenue
Morristown, New Jersey 07962-2075
(973) 993-8100
cquinn@mdmc-law.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDIBLE IP, LLC and** | HON. MICHAEL A. SHIPP |
| | Civil Action No. 3:20-cv-19178-MAS-JBD |
| **EDIBLE ARRANGEMENTS, LLC,** | |
| Plaintiffs, | |
| vs. | |
| **WORLD MEDIA GROUP, LLC,** | |
| Defendant-Counterclaimant. | |

## ANSWER AND REPLY TO COUNTERCLAIMS

Plaintiffs EDIBLE IP, LLC, *et al.* (collectively, "Edible"), hereby answer the counterclaims of defendant World Media Group, LLC, as follows:

### ANSWER TO COUNTERCLAIMS

1. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

2. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

1

3. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

4. Denied.

5. Edible admits that Defendant appears to be the owner of www.edibles.com and worldmediagroupllc.com. Edible lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore, they are denied.

6. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

7. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

8. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

9. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

10. Edible admits the allegations in subparts (a) and (b) and (e). Edible admits the first sentence of subpart (c), but lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence, and so denies it. Edible denies the allegations in subparts (d) and (f). Edible denies that the entities are referred to collectively as "Edible IP."

11. Edible admits that the first "Edible Arrangements" store opened in 1999, through which it sold its unique cut fruit products. Edible further admits it first obtained a United States Trademark and Service Mark Registration for EDIBLE ARRANGEMENTS® (Reg. No. 2,356,362) for "Fresh fruits cut in to flower shapes and arranged in containers as floral designs" in

Class 29 on the Principal Register on June 6, 2000, with a first use and first use in commerce date of October 1998. Except as so admitted, the remaining allegations are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Edible admits that one of its affiliated companies operates the website ediblearrangements.com, and that the website contains links to a mobile application. Except as so admitted, the remaining allegations are denied.

18. Edible admits that, once downloaded the application appears as "Edible" on the iPhone home screen. Except as so admitted, the remaining allegations are denied.

19. Denied.

20. Denied.

21. Edible currently lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

22. Denied.

23. Denied.

24. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

25. Admitted.

26. Admitted.

27. Denied.

28. Denied.

29. Admitted as to Counterclaims 1-4; Denied as to Counterclaims 5-8.

30. Denied.

31. Denied.

## First Counterclaim

32. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

33. Edible admits only that the instant lawsuit challenges the propriety of Defendant-Counter Plaintiff's continued registration and use of the edibles.com Domain Name, Defendant-Counter Plaintiff's use of the term EDIBLES, and Defendant-Counter Plaintiff's infringement of Edible's intellectual property rights. The remaining allegations are denied.

34. Denied.

35. Denied.

## Second Counterclaim

19-B. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.[1]

20-B. Edible admits that, as of October or November 2013, it was aware of World Media Group's purported ownership of the URL edibles.com, and that Edible advised World Media Group of its objection to that purported ownership. Except as so admitted, Edible lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore, they are denied.

---

[1] The numbering in Defendant's Counterclaim reverts from 35 to 19 and then continues in sequence thereafter. This appears to be an error in re-numbering old allegations after inserting new ones beforehand. This Answer follows the sequence used by Defendant but includes the letter "B" to identify the second numbering scheme.

4

21-B. Denied.

22-B. Denied.

23-B. Denied.

24-B. Edible lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, they are denied.

25-B. Denied.

26-B. Denied.

27-B. Denied.

28-B. Denied.

29-B. Denied.

30-B. Denied.

31-B. Denied.

### **Third Counterclaim**

32-B. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

33-B. Denied.

34-B. Denied.

35-B. Denied.

36-B. Denied.

37-B. Denied.

38-B. Denied.

## Fourth Counterclaim

39-B. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

40-B. Denied.

41-B. Denied.

42-B. Denied.

43-B. Denied.

44-B. Denied.

45-B. Denied.

46-B. Denied.

47-B. Denied.

48-B. Denied.

49-B. Denied.

50-B. Denied.

51-B. Denied.

52-B. Denied.

## Fifth Counterclaim

53-B. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

54-B. Denied.

55-B. Denied.

56-B. Denied.

57-B. Denied.

### Sixth Counterclaim

58-B. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

59-B. Denied.

60-B. Denied.

61-B. Denied.

### Seventh Counterclaim

62-B. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

63-B. Denied.

64-B. Denied.

65-B. Denied.

66-B. Denied.

### Eighth Counterclaim

67-B. Edible incorporates by reference each response contained in the preceding paragraphs above as if fully set forth herein.

68-B. Denied.

69-B. Denied.

70-B. Denied.

### Prayer for Relief

The final unnumbered "wherefore" clause of the Counterclaims immediately following paragraph 48 contains a prayer for relief to which no response is required. To the extent a response

is required, Edible denies that Defendant is entitled to any relief, including, but not limited to, the relief requested in the wherefore clause paragraphs A through M.

## GENERAL DENIAL

Edible denies each and every allegation in the Counterclaims that was not specifically admitted above.

## AFFIRMATIVE DEFENSES

Edible alleges and asserts the following defenses in response to the Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated here:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Counterclaims fail because they are barred by the equitable doctrines of waiver, laches, estoppel, acquiescence, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Although the Lanham Act gives courts the authority to order the cancellation of trademark registrations, nothing in the Act gives courts to order the cancellation of trademark applications, and this Court has no jurisdiction or power to cancel the pending applications of Edible that Defendant-Counter Plaintiff has challenged, which have not matured into registration.

### FOURTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff cannot prove the challenged registrations of Edible are generic, because Defendant-Counter Plaintiff cannot establish that the marks are not associated

by the relevant public with any particular source and that the purchasing or consuming public for the identified goods and services would understand the term "EDIBLE" or "EDIBLE ARRANGEMENTS" to be generic.

### FIFTH AFFIRMATIVE DEFENSE

None of the competitive activity of Edible on which Counterclaim Plaintiff bases its Counterclaims can be considered tortious or improper.

### SIXTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff cannot establish the existence of a reasonable expectation of economic advantage and hasn't identified any in the Counterclaims.

### SEVENTH AFFIRMATIVE DEFENSE

No contract or reasonable expectation of economic benefit to Plaintiff was in effect at the time of Edible's alleged improper conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Edible was unaware of and had no knowledge of any prospective economic expectancy between Counterclaim Plaintiff and any third party.

### NINTH AFFIRMATIVE DEFENSE

If any lost reasonable expectation of economic benefit to Counterclaim Plaintiff occurred, which Edible denies, it would have occurred regardless of Edible's conduct and there was lack of causation between Edible's actions and the alleged lost prospective gain or expectancy.

### TENTH AFFIRMATIVE DEFENSE

Edible did not intend for its conduct to interfere with any prospective economic advantage of Counterclaim Plaintiff and at all times Edible acted without malice.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged interference and other acts or omissions of Edible are not actionable since its conduct was legally justified and/or privileged.

### TWELFTH AFFIRMATIVE DEFENSE

Edible cannot have intentionally caused any third person not to enter into a prospective business relation with Defendant-Counter Plaintiff or otherwise interfered improperly with Defendant-Counter Plaintiff's reasonable business expectancies by lawfully enforcing its intellectual property rights against Defendant-Counter Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Edible cannot have tortiously interfered with any prospective business relation with Defendant-Counter Plaintiff by its acts and statements made in connection with the pursuit of litigation which are protected by the litigation privilege.

### FOURTEENTH AFFIRMATIVE DEFENSE

Edible did not employ improper, deceptive or other unjust means in the conduct that is alleged to have interfered.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff suffered no actual injury that is compensable at law or in equity.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff did not incur any damage or harm due to any purported acts or omissions of Edible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any damage or harm allegedly incurred by Counterclaim Plaintiff is attributable to

causes or persons or entities other than any purported acts or omissions of Edible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The acts or omissions of Defendant-Counter Plaintiff in this action were the proximate cause and superseding, intervening, and/or independent cause of any alleged injury or damage sustained by Defendant-Counter Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

The damages that Defendant-Counter Plaintiff is seeking are completely speculative in nature.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff cannot recover damages that resulted from its failure to mitigate damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The conduct of Edible at all times was in good faith.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff is not entitled to an award of punitive damages because Edible has not engaged in an intentional tort or other actionable conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff is not entitled to an award of punitive damages because Edible's conduct was justified and/or privileged.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any award of punitive damages against Edible under the facts and circumstances of this case given the innocent conduct of Edible and the absence of actual harm incurred by Defendant-Counter Plaintiff would violate the due process clause of the U.S. Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff is not entitled to preliminary or permanent injunctive relief, because any injury to Counterclaim Plaintiff is not immediate and irreparable, Defendant- Counter Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff's claim for recovery of attorney's fees must fail because Defendant-Counter Plaintiff cannot establish a contractual, statutory, or other basis for a fee award against Edible so as to alter the American Rule that each party pays only its own attorney's fees, regardless of whether they win or lose.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff's claim for recovery of attorney's fees must fail because Defendant-Counter Plaintiff cannot establish that this is an exceptional case, or any unambiguous showing of extraordinary misconduct on the part of Edible, or any other egregious misconduct that would warrant a determination that the issues in the case were exceptional , so as to warrant a fee award.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Edible with respect to Counterclaims 5-8.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Venue in this Court is improper for Counterclaims 5-8.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff's purported ownership in registered mark 3,763,049 is invalid because the mark is not "use[d] in commerce" as defined by 15 U.S.C.A. § 1127.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff has abandoned any purported rights to registered mark 3,763,049 due to nonuse.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant-Counter Plaintiff's registration 3,763,049 is subject to cancellation.

## REPLY TO COUNTERCLAIMS

In light of Defendant-Counter Plaintiff's additional claims, Edible hereby amends its Complaint and adds the following paragraphs and claims in reply[2]:

### Additional Factual Background

193. Registration 3,763,049 was granted by the USPTO to non-party Random Ideas LLC in 2010.

194. Random Ideas LLC developed and marketed an application ("app") on the iPhone App Store called "Edibles."

195. Upon information and belief, Defendant purported to purchase the property and rights associated with registration 3,763,049 from Random Ideas LLC prior to 2016.

196. Defendant and Random Ideas LLC jointly submitted an application for incontestability status for registration 3,763,049 to the USPTO in 2016.

197. After purchasing the rights from Random Ideas LLC, Defendant did nothing to maintain or develop the "Edibles" app for over three years.

198. In 2019, an entity affiliated with Edible launched its own app called "Edible Arrangements."

---

[2] *See* 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice and Procedure* § 1188 (3d ed.2011) (describing counterclaim in the plaintiff's reply to the defendant's counterclaim as "entirely appropriate.").

13

199. Later in 2019, Defendant purported to update the "Edibles" app.

200. The "Edibles" app has no meaningful functionality.

201. The "Edibles" app has minimal users.

202. The "Edibles" app does not appear in the list of search results when searching for the word "Edibles" on the iPhone's App Store.

## Count 8:
## Cancellation of Federal Trademark Registration No. 3,763,049

203. The preceding factual allegations are incorporated by reference.

204. Section 45 of the Lanham Act, 15 U.S.C. § 1064 provides for the filing of a petition to cancel "a registration of a mark" including abandonment when its use has been discontinued with intent not to resume such use. Under 15 U.S.C.A. § 1127, "'Use' of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark," and "Nonuse for 3 consecutive years shall be prima facie evidence of abandonment."

205. Since its purchase date on or before 2016, Defendant discontinued the use of the "Edibles" app because it did not and does not use the app "in the ordinary course of trade" but instead uses it only "to reserve a right in a mark."

206. On information and belief, Defendant has no intent to resume use of the mark.

207. Thus, Defendant has abandoned the mark.

208. Section 45 of the Lanham Act, 15 U.S.C. § 1064 also provides for the filing of a petition to cancel "a registration of a mark" when "its registration was obtained fraudulently."

209. In filing its declaration of incontestability for registration 3,763,049, Defendant told the USPTO that the mark is in use in commerce.

210.    That statement was not true because Defendant had no intention to use the "Edibles" app "in the ordinary course of trade" but instead intended only "to reserve a right in a mark."

211.    Therefore, Defendant's registration was fraudulently obtained.

### Prayer for Relief

WHEREFORE, plaintiffs Edible pray:

That, on Count 8, Defendant's federal registration for the mark 3,763,049 be cancelled in accordance with 15 U.S.C. §§ 1119, 1052(d), and 1064.

McELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP

By: _____
Charles Quinn

Dated: April 7, 2023

**Of Counsel:**

Jason J. Carter
E. Allen Page
Solesse L. Altman
**Bondurant Mixson & Elmore**

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I caused the attached answer and reply to counterclaimto be served upon counsel for defendant by ECF and electronic mail to:

Gregg Adam Paradise
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK
20 Commerce Drive
Cranford, New Jersey 07016
gparadise@ldlkm.com

_____
Charles Quinn

Dated: April 7, 2023